[Cite as *Weigel v. Ohio Bd. of Nursing*, 2014-Ohio-4069.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jeanette Sue Weigel, | : | |
| Appellant-Appellant, | : | |
| | | No. 14AP-283 |
| v. | : | (C.P.C. No. 13CV-8936) |
| Ohio Board of Nursing, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

---

### D E C I S I O N

### Rendered on September 18, 2014

---

*Jeanette Sue Weigel,* pro se.

*Michael DeWine*, Attorney General, and *Henry G. Appel*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1}  Appellant, Jeanette Sue Weigel, appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee, Ohio Board of Nursing ("the board"), indefinitely suspending appellant's license to practice as a licensed practical nurse ("LPN").  For the following reasons, we affirm.

### I. Facts and Procedural History

{¶ 2}  In December of 2011, appellant pleaded no contest to a charge of disorderly conduct with persistence.  The police report described the incident giving rise to the charge: on October 28, 2011, appellant was involved in a crash in a grocery store's parking lot.  According to witnesses, appellant crashed her vehicle into a sign at a relatively high rate of speed, exited the vehicle screaming, and went inside the store.  Once inside,

appellant continued screaming at an employee in the store's pharmacy and "talking incoherently." (R. 345.) A police officer responding to the scene described appellant as "hysterical." (R. 346.) The responding police officers asked appellant to walk outside and perform a field sobriety test; appellant refused. The police officers then escorted appellant outside as she continued to yell, handcuffed her, and placed her in their vehicle.

{¶ 3} After pleading no contest to disorderly conduct, the court ordered appellant to undergo a mental health and substance abuse evaluation by a court-approved provider as part of her probation. Arrowhead Behavioral Health ("Arrowhead") evaluated appellant on April 27, 2012 and found no further treatment was necessary "due to lack of criteria for substance abuse treatment." (R. 353.)

{¶ 4} On September 4, 2012, the board ordered appellant to undergo a mental evaluation, pursuant to R.C. 4723.258, after finding "reason to believe that [appellant has] a physical or mental impairment that may affect [appellant's] ability to provide safe nursing care." (R. 317.) The board ordered appellant to submit to the examination at OSU Harding Hospital in Columbus. Appellant was required to contact the hospital within ten days to schedule the evaluation and had 90 days to undergo the examination. Pursuant to statute, appellant was required to pay for the examination. Appellant did not schedule an examination because she believed her assessment at Arrowhead would be sufficient to satisfy the board-mandated mental examination. According to appellant, she contacted Arrowhead and requested that a copy of her assessment from April 2012 be faxed to the board. The board did not receive the assessment until February 19, 2013, after the 90-day period for undergoing the ordered examination had passed and after the board issued a default order on January 25, 2013.

{¶ 5} In the board's default order, it explained that appellant failed to submit to a mental examination and that the board had not received information that the failure was due to circumstances beyond appellant's control. Accordingly, the board found appellant's failure to submit to the mental examination was, pursuant to R.C. 4723.28(B)(16) and (G), an admission of the allegations in the evaluation order. The board indefinitely suspended appellant's license to practice nursing and imposed conditions in order for appellant to have the license reinstated.

{¶ 6} Appellant requested a hearing regarding the default order. The board scheduled the hearing and clarified that the issue was limited to whether her failure to schedule and attend the examination was due to circumstances beyond her control. On May 9, 2013, the board's chief hearing examiner conducted a hearing where the parties presented evidence and testimony. On July 10, 2013, the hearing officer found appellant's failure to attend the examination was not due to circumstances beyond her control, thereby establishing the board's allegations as true. The hearing officer recommended the board uphold appellant's indefinite suspension and conditions for reinstatement. Appellant objected to the hearing officer's report and recommendation. The board overruled appellant's objections and accepted the hearing officer's recommendation on July 26, 2013.

{¶ 7} Appellant appealed the board's decision to the Franklin County Court of Common Pleas. However, appellant did not file a brief in support of her appeal below and did not respond to the board's motion for judgment on the record. The trial court thoroughly reviewed the board's decision and affirmed the decision. Appellant timely appealed that decision to this court.

## II. Assignments of Error

{¶ 8} Appellant assigns the following five errors for our review:

[1.] Error; In fact finding of this Case; within a Revised Code 119.12, administrative appeal, from an Adjudication Order that was mailed to Appellant on August 1, 2013, by The Ohio Board of Nursing. In that Adjudication Order, The Board indefinitely suspended Appellant's license to practice as a licensed practical nurse (LPN), in the state of Ohio, with conditions for reinstatement. The error that would present itself within the Adjudication Order, as was presented; would be within the content of reference to the Letter of September 4th, 201[2], from The Ohio Board of Nursing.

[2.] Error; In a Report from the Perrysburg police (Report), that was inaccurate in content, of statements and facts, of the incident, that was reported in Perrysburg, Ohio, at a Kroger's parking lot. The information, in the original Order, from the September Letter, of September 4th, 2012, states, that this Order, was based on all or part of the information referenced; in the Perrysburg Police Report, there in, therefore, her[e]by Ordered to submit to a mental examination, specifically

addressing your ability to safely function in a clinical nursing capacity by OSU Harding Hospital, Neuroscience Facility ("OSU"), within (90) days of the mailing of this Order.

[3.] The Error; In Reporting, has contributed to the request for an examination, assessment and written evaluation at OSU Harding Hospital, Neuroscience Facility ("OSU").

[4.] Error; In The Fact finding of the impossible of funds or availability to secure a loan, on unemployment of $134.00 a week, and that no credit cards were owned, by, Plaintiff-Appellant, at the time of this Original Order, on September 4th, 2012.  The Order, stating; Pursuant to Section 4723.28(G), ORC, You must make payment in advance to OSU, in the form of a check or money order, before your examination appointment.  According to Section 4723.28(G), ORC, it is stated; with a sentence, (2.), of this Section(G)'s, paragraph; (an exception of admission to a mental or physical examination), of when directed constitutes an admission of the allegations, (Sentence 2.) states; (unless the failure is due to circumstances beyond the individual's control,) in which, in fact finding, could have been presented; (in fact the failure was due to circumstances beyond the Plaintiff-Appellant, Jeanette Sue Weigel's control, in the definition of a hardship, (See Unemployment Section of this Brief, under, (Table of Authorities), #4.) Definition under this Act, and, of Restoring Stability Program; "A Verifiable Financial Hardship: (i.e. involuntary loss of income, reduction of wages or hours, etc...) A household income of less than 115 percent of the county area median income. (this, being an Ohio State supported definition) and at the federal level as well, per the signature of the director of Unemployment, Michael B. Colbert, and under Governor, John R. Kasich.) This would be proven as a hardship, by definition, and in the realm of failure due to circumstances beyond the individual's control. Further, proving the impossibility and availability to make payment in advance, of an appointment, to OSU Harding Hospital, further discounting any admission of the allegations, in context, of Section 4723.28(G)., ORC. (Failure of an individual to submit to a mental or physical examination, when directed constitutes an admission of the allegations.) This would prove to be pretense at best. It presents itself, with no completeness of actual facts, within that statement, with no sustaining evidence or evaluation, to support such a statement.  It proves nothing but a statement of presumption.

> Presuming: (To undertake without permission or good reason.) (To support to be True without Proof.)
>
> [5.] The Hearing and Adjudication Process, show errors: from statement, of Representation of the State of Ohio Board of Nursing, in proof of defining, and showing proof, of earned income, in which to have been able within (90) days to have met the criteria, in which was ordered, by the September 4th, 2012, Letter, from the Ohio Board of Nursing, requesting an assessment/evaluation, at OSU Harding Hospital, Neuroscience Dept., and payment to be mad[e] in advance of appointment, in the form of check or money order.
>
> a) No Proof of payment was presented in cycles of pay periods, as validated amounts of money, in which to have made payment in a timely fashion, of the (90) day requirement. Employment time and pay periods, would not have met the criteria, as the scheduled pay periods, would not have produced the amount of income for this assessments, cost, as OSU, to be paid in advance of an appointment. Time frame of (90) days and paid in advance, with an appointment being made, an payment being made in advance, of that appointment. Letter was dated September 4th, 2012. Payments of employment had hold back dates, in two week periods, and a one week original, week, hold back, at start of employment, initially.

(Sic passim.)

## III. Standard of Review

{¶ 9} When reviewing an order of an administrative agency, a common pleas court must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and whether the order is in accordance with law. *Ohio Am. Health Care, Inc. v. Ohio Bd. of Nursing*, 10th Dist. No. 13AP-1020, 2014-Ohio-2422, ¶ 12, citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980). The Supreme Court of Ohio has defined reliable, probative, and substantial evidence as follows:

> (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3)

> "Substantial" evidence is evidence with some weight; it must have importance and value.

*Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 10} A court of appeals' review is more limited in that it does not determine the weight of the evidence. *Richmond v. Ohio Bd. of Nursing*, 10th Dist. No. 12AP-328, 2013-Ohio-110, ¶ 8, citing *Levine v. State Med. Bd.*, 10th Dist. No. 10AP-962, 2011-Ohio-3653, ¶ 13. The appellate court is to only determine whether the common pleas court abused its discretion. *Id.* An "abuse of discretion" implies the trial court's decision was unreasonable, arbitrary or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Absent an abuse of discretion, a court of appeals may not substitute its judgment for that of an administrative agency or the common pleas court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). An appellate court, however, has plenary review of purely legal questions. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.).

## IV. Discussion

{¶ 11} Because appellant's assignments of error are interrelated, we will discuss them together.

{¶ 12} Pursuant to R.C. 4723.28(G), the board may compel an LPN to submit to an evaluation when the board finds reason to believe the individual may have a "mental impairment that may affect the individual's ability to provide safe nursing care." If the individual does not attend the evaluation and does not present a sufficient reason, the failure to attend "constitutes an admission of the allegations, unless the failure is due to circumstances beyond the individual's control." R.C. 4723.28(G). The board may then enter an order of default indefinitely suspending a license and imposing conditions for reinstatement. The individual has a right to appeal that decision. R.C. 4723.28(B)(16).

{¶ 13} Here, the board ordered appellant to submit to a mental examination based on her conviction on March 16, 2012. Appellant failed to schedule and submit to the examination, and a default order was issued indefinitely suspending her license and imposing conditions for reinstatement. Appellant appealed that decision and participated in a hearing before the hearing officer assigned by the board to determine whether her

failure to have a mental examination was "due to circumstances beyond her control." (R. 106.)

{¶ 14} During the hearing, appellant argued, as she argues here, that she failed to schedule and undergo the required examination for two reasons. First, she contends she was unable to pay for the evaluation due to circumstances beyond her control. Second, appellant believed her evaluation at Arrowhead satisfied the board's requirement for a mental examination. The hearing officer rejected both arguments as did the trial court. First, under R.C. 4723.28(G), the individual required to submit to a mental evaluation must pay the cost of the examination. Appellant testified at the hearing that, when she received the default order, she was unemployed and received unemployment compensation of $134 per week. She further testified that she began a new job working at least 40 hours in November 2012 and began receiving paychecks in late November 2012. Appellant began working full time two months before the board entered its default order on January 25, 2013. The hearing officer found, based on the evidence presented at the hearing, appellant "had sufficient means to pay for the evaluation at the time the evaluation was to be completed," and the board adopted this conclusion. (R. 105, 118.)

{¶ 15} On appeal, the trial court agreed with the board's conclusion that appellant's failure to submit to the mental examination for alleged financial reasons was not due to circumstances beyond appellant's control, and there was reliable, probative, and substantial evidence to support that conclusion. Based on the record before us, we find the trial court did not abuse its discretion in affirming the board's decision.

{¶ 16} Second, appellant's previous court-ordered assessment did not justify her failure to submit to the board-ordered mental examination. As a result of her conviction for disorderly conduct with persistence, the court placed appellant on probation and required her to undergo a court-ordered assessment. She underwent an assessment with Arrowhead by a licensed social worker, who concluded appellant did not require further evaluation "due to lack of criteria for substance abuse treatment." (R. 353.) In contrast, the board ordered appellant to "submit to a mental examination, specifically addressing [appellant's] ability to safely function in a clinical nursing capacity." (R. 318.) Based on the evidence, the hearing officer found that the Arrowhead assessment did not satisfy the board-ordered examination. The hearing officer found the court-ordered assessment was

related to her criminal proceeding and was not conducted to determine appellant's ability to provide safe nursing care. The board adopted the hearing officer's conclusion, and the trial court affirmed the board's order.

{¶ 17} Again reviewing the record before us, we conclude the trial court did not abuse its discretion in determining reliable, probative, and substantial evidence supported the board's finding that the Arrowhead assessment did not satisfy the requirements of the board's order for a mental evaluation specific to appellant's ability to function as an LPN. *See Smith v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-234, 2012-Ohio-4423, ¶ 16.

{¶ 18} Finally, appellant argues the board based its order requiring a mental examination on factual misstatements in the police reports of the incident resulting in her no-contest plea and conviction. However, the issue before the hearing officer and the board was only whether appellant's failure to submit to a mental examination was due to circumstances beyond her control, not whether the board had a good-faith reason to order the examination.

{¶ 19} Because the trial court did not abuse its discretion in determining reliable, probative, and substantial evidence supported the board's decision that appellant's failure to attend a mental examination was not because of circumstances outside of her control, we overrule appellant's five assignments of error.

## V. Conclusion

{¶ 20} After a thorough and complete review of the record, we conclude the trial court did not abuse its discretion by affirming the board's decision, as reliable, probative, and substantial evidence supports that decision. Having overruled appellant's five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER, TYACK, and BROWN, JJ., concur